People v B.H. (2024 NY Slip Op 51224(U))

[*1]

People v B.H.

2024 NY Slip Op 51224(U)

Decided on September 5, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 5, 2024
Youth Part, Erie County

The People of the State of New York

against
B.H. AO.

Docket No. FYC-72370-24

Nicholas Marino, Esq., (Assistant District Attorney) Seth Seegert, Esq. (for Principal B.H.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas Marino, Esq. (Assistant District Attorney), dated August 11, 2024; the responsive papers filed by Seth Seegert, Esq., dated August 26, 2024, on behalf of AO B.H.; oral argument and a hearing on the motion having been waived in writing by the Assistant District Attorney; and due deliberation having been had, the Court finds the following:
Procedural History
AO B.H. is charged under FYC-72370-24 with one count of Robbery in the Second Degree, in violation of Penal Law § 160.10(1); Conspiracy in the Fourth Degree, in violation of Penal Law § 105.10, and misdemeanor counts for Assault in the Third Degree, in violation of Penal Law § 120.00(1), and Petit Larceny, in violation of Penal Law § 155.25.
Accessible Magistrate Gerald Gorman arraigned AO B.H. on July 22, 2024 and remanded her with bail, $5,000.00 A, B, or E at 10%.
Later that same day, AO B.H. was arraigned in Youth Part and this Court modified bail to the amount of $10,000 cash, $10,000 insurance company bail bond, 10% of $25,000 partially secured surety bond.
The Six-Day Reading was held on July 25, 2024. The People conceded the six-day reading and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the Extraordinary Circumstances Motion was scheduled on September 5, 2024. AO B.H. was released under CPL §180.80, as the People were unable to run the felony hearing. AO B.H. voluntarily accepted probation services as a condition of her release.

 Findings of Fact
It is alleged that AO B.H. participated in a robbery at a Motel 6 on July 20, 2024. The Victim met AO B.H. earlier that night in the parking lot of a bar/restaurant and they exchanged phone numbers. AO B.H. later invited the Victim to the Motel 6. When the Victim arrived and entered the motel room, AO B.H. and another female were already inside. The Victim felt unsettled and decided to sit in his car.
A short time later, the Victim re-entered the motel room. Two (2) males wearing ski masks entered the hotel room and said, "keep your fucking mouth shut". One of the masked males was armed with a handgun; he pointed the gun at the Victim and said, "I'll fucking shoot you". Both men began physically assaulting the Victim, and AO B.H. joined in by kicking the Victim in the ribs. AO B.H. took the Victim's sweatshirt, which had $150.00 in the pocket. The other female took the Victim's $300 sneakers. The Victim was able to push one of the masked males and exit through the front door, subsequently calling 911. The Victim observed his assailants flee the scene in a white Chevrolet Silverado, which he reported to the 911 operator.
Police, having received the call, pulled over a white Chevrolet Silverado near the scene of the crime. The Chevrolet had four (4) occupants; one was later identified by the Victim as AO B.H. Officers recovered a grey BYRNA Pepper Ball handgun from the vehicle.
The Victim sustained the following injuries: sustained body wide pain, a swollen left temple, a laceration to his finger, abrasion to his ribcage, and an abrasion to his knee.

 Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating [*2]circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40. This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
The People allege that AO B.H.'s actions are cruel and heinous, and that this case should remain in Youth Part. The ADA outlines that AO B.H. lured the Victim to the hotel room, with the intent of robbing the Victim. AO B.H. was a willing and active participant in the crime, and the People submit that a gun being used in the transmission of the robbery elevates this matter so as to prevent removal to Family Court.
Defense counsel raised mitigating factors including that the People have not put forth strong evidence to prove that AO B.H. was the leader of the criminal activity or that she coerced others into participating in this crime.
This youth's circumstances stand out from the average Youth Part case because she planned this crime in advance. AO B.H. actively targeted the Victim and was aware that he was being set up. During the robbery, one of AO B.H.'s co-defendants pointed a pistol at the Victim and stated, "I'll fucking shoot you". AO B.H. joined her co-defendants in physically attacking the Victim, causing physical injury to the Victim and she also took items from the Victim. These actions are "cruel and heinous" and this Court believes that the Defendant would not benefit from the heightened services of Family Court.
Extraordinary circumstances exist to prevent the transfer of this matter to Family Court. The People met its burden to prevent removal to Family Court. This matter shall remain in Youth Part. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
_____________________________________
HON. BRENDA M. FREEDMAN